THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PETITIONER, v. THE BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF NEW JERSEY.

Submitted July 2, 1909—Decided October 25, 1909.

An order made by the board of railroad commissioners requiring a railroad company to maintain a station in order to provide transportation facilities, will not be set aside as unjust or unreasonable if there be evidence which reasonably supports it.

On appeal from an order of the board of railroad commissioners of the State of New Jersey, requiring the petitioner to restore railroad facilities at Broadway, Warren county, New Jersey.

Before Justices REED, BERGEN and VOORHEES.

For the petitioner, *Max M. Stallman.*

For the defendants, *Edmund Wilson.*

The opinion of the court was delivered by

BERGEN, J. The board of railroad commissioners, after hearing the testimony of the witnesses, made an order bearing date March 6th, 1909, which required the petitioner forthwith to furnish proper and adequate transportation facilities for the transportation of persons and property at the station at Broadway, and to that end to continue to employ an agent at said station for the convenience and assistance of

passengers and shippers and receivers of freight as theretofore. This order was made under the act of 1907 (*Pamph. L., p.* 448), previous to the amendment of 1909, which earlier act requires the Supreme Court to try and determine causes of this character as other civil causes in said court are tried and determined.

The act, among other things, empowers the board to hear complaints and to make all necessary orders requiring any railroad company operating in this state to furnish proper and adequate transportation facilities and stations in accordance with the judgment of said board, for the proper transportation of persons and property, and to make and issue such orders to any railroad company as in the judgment of said board shall be reasonable and just, which orders said railroad company shall comply with. Thus it appears that the legislature has committed to the board the power to exercise a reasonable and just judgment upon the matters committed to its jurisdiction, and I am of opinion that the result which the board reaches ought not to be overthrown unless it appears that it is unjust or unreasonable.

The order is supported by testimony that for thirty-nine years there has been maintained by this company a station at Broadway, with an agent to receive and deliver freight and to sell tickets to passengers, with the incidental advantage of express and telegraph facilities, although the two latter were provided by independent corporations using the railroad facilities for such purposes; that on the first day of January, 1909, the agent was dispensed with except between the hours of nine-thirty and ten-thirty-five in the forenoon of each day, when he came from the next station, called New Village, coming out on one train and returning by another; that the express and telegraph facilities were altogether discontinued, as well as the sale of tickets to passengers, who are now required to pay their fare on the train without the opportunity of purchasing return tickets at a reduced rate, a privilege which they had theretofore enjoyed. It also appeared that the freight receipts at this station amounted to about $5,000 per annum, and there is no proof of any disadvantageous

change happening in the amount and character of the business at this station previous to January 1st, 1909.

On behalf of the company it was shown that the village of Broadway is about one-half mile from the station; that it has a trolley running through it to and from Phillipsburg and Washington, and that the number of passengers from Broadway averaged about four per day; that there is but one freight train a day, and after it leaves there is practically nothing for an agent to do, and it is claimed that in making Broadway what is called a "prepaid station" it is not violating its proper duty as a public carrier. I do not think the result reached by the board of railroad commissioners is so unjust and unreasonable as to justify the setting aside of their order. The petitioner has for thirty-nine years maintained an agent at this point, and thereby afforded constant transportation facilities and business opportunities because of which persons have been induced to expend money in establishing and carrying on business which they would not have done except in reliance upon a supposed continuance of conditions created by the company. It is not the establishing of a new station which was sought, but the prevention of the withdrawal of railroad facilities which the petitioner has heretofore given the public, and upon which they were justified in relying. The withdrawal of these facilities might be held to be reasonable if it had been shown that from changes, naturally resulting, an altered condition existed, such as the falling off of population or the drifting of trade into new channels, and a depreciation of business resulting therefrom, in consequence of which a continuance of such facilities became unnecessary, or that the public was requiring services at a prohibitive cost, but nothing of that kind appears.

Under the proofs presented it seems to me that a condition is not present which would warrant the court in saying that the judgment of the board was unreasonable and unjust, and therefore as their order ought not to be set aside upon nicely balanced questions as to the weight of evidence, the appeal ought to be dismissed.